March 19, 1993
UNITED STATES COURT OF APPEALS
For The First Circuit

No. 92-1668

UNITED STATES OF AMERICA,

Appellee,

v.

HENRY OLAWALE BALOGUN,

Defendant, Appellant.

No. 92-1825

UNITED STATES OF AMERICA,

Appellee,

v.

EBENEZER ALUKO,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Breyer, Chief Judge,

Torruella and Boudin, Circuit Judges.

Edward C. Roy, Jr., with whom Roy & Cook, was on brief for

appellant Henry Olawale Balogun.
Francis J. Gillan III for appellant Ebenezer Aluko.

Margaret E. Curran, Assistant United States Attorney, with

whom Lincoln C. Almond, United States Attorney, and Seymour

Posner, Assistant United States Attorney, were on brief for

appellee.

March 19, 1993

TORRUELLA, Circuit Judge. Appellants Ebenezer Aluko

and Henry Olawale Balogun pled guilty to conspiracy, mail fraud,

and insurance fraud in violation of 18 U.S.C. 371, 1341-42

(1984) and 42 U.S.C. 408(a)(7)(B) (1991). Specifically,

appellants procured insurance coverage on vehicles registered

under fictitious names. The conspiracy entailed one hundred and

twenty-four fraudulent claims amounting to $620,000.1 Balogun

and another co-defendant initiated the scheme on April 1, 1989;

Aluko joined the conspiracy on or about October 6, 1990.

The district court sentenced Aluko to twenty-four

months in prison2 and Balogun to thirty-three months.3

Appellants appeal their sentences.

"We review a trial court's determinations under the

[United States] Sentencing Guidelines only for clear error."

United States v. Panet-Collazo, 960 F.2d 256, 262 (1st Cir.)

(citing United States v. Sklar, 920 F.2d 107, 110-11 (1st Cir.

1990)), cert. denied, 113 S. Ct. 645 (1992). However, we

interpret provisions of the relevant guidelines de novo. United

States v. St. Cyr, 977 F.2d 698, 701 (1st Cir. 1992). Because we

find no clear error in the district court's calculation, we

affirm Balogun's sentence. However, we find that the district

1 Although the claims amounted to $620,000, appellants' arrest
prevented the collection of $403,000.

2 The judge also imposed a three-year term of supervised
release, restitution of $16,750, and a $50 special assessment.

3 The judge also imposed a three-year supervised release term,
restitution of $100,000 if the defendant was not deported, and a
$200 special assessment.

-3-

court improperly interpreted a guideline relevant to Aluko's

sentence. Thus, we vacate that sentence and remand for re-

sentencing consistent with this opinion.

We address the appeals in turn.

Appellant Aluko

At his sentencing hearing, Aluko contested his

presentence report's calculation of offense level under the

United States Sentencing Guidelines ("U.S.S.G.").4 In

calculating the total offense level in the presentence report,

the probation officer based his calculation on all one hundred

and twenty-four fraudulent claims filed as part of the

conspiracy. As these claims amounted to $620,000, he enhanced

Aluko's base offense level by ten levels pursuant to U.S.S.G.

2F1.1(b)(1)(K) (Nov. 1991) (ten level offense increase required

for losses between $500,000 and $800,000). In addition, the

probation officer concluded that Aluko's participation in the

scheme involved more than minimal planning. Thus, he further

enhanced Aluko's offense level by two levels pursuant to U.S.S.G.

2F1.1(b)(2) (Nov. 1991).5 Finally, the probation officer also

subtracted two levels for acceptance of responsibility. The

district court adopted the presentence report calculation.

4 Both parties agree that the 1991 sentencing guidelines apply
to this case.

5 Section 2F1.1(b)(2) provides:

If the offense involved . . . more than
minimal planning . . . increase by 2
levels.

-4-

At sentencing, Aluko challenged the presentence report

on two grounds, both of which he revives in this appeal. First,

Aluko contends that the government established his involvement in

only ten of the one hundred and twenty-four fraudulent claims,

and that he can only be held responsible for those ten claims.

He asserts that the rest of the claims were actions of co-

conspirators which were not reasonably foreseeable to him. See

U.S.S.G. 1B1.3(a)(1), Application Note 1 (Nov. 1991) (for

sentencing purposes, defendant is accountable for "conduct of

others in furtherance of the execution of jointly-undertaken

criminal activity that was reasonably foreseeable by the

defendant") (emphasis added).

In its sentencing ruling, the district court never

discussed whether Aluko's co-conspirators' additional one hundred

and fourteen fraudulent claims were reasonably foreseeable to

Aluko. The court simply concluded that Aluko

was a conspirator with two other people.
He was an important part of the
conspiracy regardless of the numerical
figures involved in claims filed, or in
amount of money that he received. And
so, he's responsible for the whole
conspiracy. It's seldom that we find co-
conspirators who know all facets of the
operation. They know they're involved in
a conspiracy and they're involved at one
tier level or another and, therefore, are
integral parts and necessary parts of the
success of the whole conspiracy.

(sentencing hearing transcript at 14).

This language suggests that once a defendant plays an

integral role in a conspiracy, he is liable for co-conspirator

-5-

acts in furtherance of the conspiracy, regardless of their

foreseeability. While this language correctly describes the

proper standard for a defendant's criminal conviction for co-

conspirator acts, United States v. Fusaro, 708 F.2d 17, 21 (1st

Cir. 1983), it does not correctly describe a defendant's

responsibility for these actions for sentencing purposes.

U.S.S.G. 1B1.3(a)(1), Application Note 1; United States v.

O'Campo, 973 F.2d 1015, 1025-26 n.11 (1st Cir. 1992).

We might in some circumstances treat a finding of

foreseeability as inherent in the nature of the conspiracy. In

this case, however, it appears that the judge thought

foreseeability inherent in all conspiracies. This is not the

law.

In addition, some of the co-conspirator acts presumably

occurred before Aluko joined the conspiracy as he joined one year

after it began. By definition, acts that occurred before a

defendant enters a conspiracy cannot be foreseeable. O'Campo,

973 F.2d at 1026.

Accordingly, we vacate Aluko's sentence and remand for

a determination of which, if any, of co-defendants' actions were

reasonably foreseeable to Aluko,6 and for re-sentencing in

accordance with that determination.

Second, Aluko argues that he played a minimal or minor

role in the conspiracy, and thus deserved a downward adjustment

6 We note that this determination should also address the issue
of which co-conspirator conduct, if any, took place before Aluko
joined the conspiracy.

-6-

to his total offense level pursuant to U.S.S.G. 3B1.2(a) and

(b) (Nov. 1991).7 We first note that defendants are not

automatically entitled to a downward adjustment, whatever their

role in the crime. United States v. Valencia-Lucena, 925 F.2d

506, 514 (1st Cir. 1991). Indeed, the record in this case

adequately supports the district court's denial of the reduction.

Aluko indicated that his involvement in the conspiracy began on

October 6, 1990. He remained active in the conspiracy until he

was arrested one year later. He was directly involved in at

least ten fraudulent claims. Ultimately, the court concluded

that Aluko was an integral part of the conspiracy and granted him

no reduction. We find no clear error in this determination.

Appellant Balogun

Before Balogun's sentencing, the government objected to

his presentence report, claiming that his total offense level

should have been increased two points pursuant to U.S.S.G.

3B1.1(c) (Nov. 1991).8 Specifically, the government argued

7 Section 3B1.2(a) provides:

If the defendant was a minimal
participant in any criminal activity,
decrease by 4 levels.

Section 3B1.2(b) provides:

If the defendant was a minor participant
in any criminal activity, decrease by 2
levels.

8 Section 3B1.1(c) provides:

If the defendant was an organizer,
leader, manager, or supervisor in any
criminal activity other than described in

-7-

that Balogun was an "organizer, leader, or supervisor" of the

conspiracy for the purposes of that section. The sentencing

judge accepted the government's representations and increased the

total offense level from sixteen to eighteen.

Balogun offers two principal arguments against the

judge's calculation of his sentence. First, he argues that the

district court impermissibly relied on the prosecutor's

statements in reaching its conclusion. Balogun does not

challenge the facts at issue; however, he challenges the

application of 3B1.1(c) to these facts.

Application Note 3 of U.S.S.G. 3B1.1 counsels that in

determining whether a defendant is an organizer, leader, or

supervisor pursuant to 3B1.1(c), the court should consider

factors including: (1) decision making authority; (2)

participation in the offense; (3) recruitment of accomplices; (4)

claimed right to a larger share of the fruits of the crime; (5)

degree of planning or organizing; (6) nature of illegal activity;

and (7) degree of control over others.

The undisputed facts in the present case show that

Balogun initiated the conspiracy with another co-conspirator; he

received significantly more money from the conspiracy than Aluko;

he used cars fraudulently registered to Aluko to stage accidents;

and he paid Aluko for his cooperation in the scheme. We find no

clear error in the district court's conclusion that Balogun fit

the role of an organizer, leader, or supervisor.

(a) or (b), increase by 2 levels.

-8-

Second, Balogun argues that the sentence adjustment

resulted in impermissible double counting because in addition to

the increase for being an organizer, supervisor, or leader, the

district court also accepted the presentence report's enhancement

of Balogun's sentence for more than minimal planning pursuant to

U.S.S.G. 2F1.1(b)(2).

In United States v. Fuller, 897 F.2d 1217, 1222 (1st

Cir. 1990), we reversed an enhancement based on 3B1.1(c),

noting our concern that such an enhancement would result in

double counting. The sentencing court in that case based both

its 3B1.1(c) and its 2F1.1(b)(2) enhancements on one fact:

the quantity of marijuana involved. See id.

Balogun argues that the sentencing judge considered the

elaborate nature of the scheme in applying the increase for an

organizer, leader, or supervisor even though that complexity was

already accounted for in the more than minimal planning

enhancement. In support of this contention, Balogun notes the

following statements by the sentencing judge.

. . . I'm satisfied that Mr. Balogun and
Mr. [Oyelele] were the organizers of this
scheme. They were the people who thought
this matter up, maybe with help of others
unknown, and Aluko was just one of the
people who was initiated into the scheme,
to be part of some facets of it. So I'm

satisfied that Balogun and [Oyelele] were

organizers and leaders and supervisors of
this matter. . . .

This was a fairly elaborate scheme, one
that required a lot of planning and a lot
of organization, and a lot of fraudulent
documents. And, therefore, I think,
under the circumstances, the total

-9-

offense level should be 20. . . .

(sentencing transcript at 9) (emphasis added).

As we see it, this language shows that the court based his

3B1.1(c) enhancement decision on Balogun's initiation of the

scheme and recruitment of Aluko, not on the complexity of the

scheme. The judge's allusion to the scheme's elaborate nature

simply provided further superfluous justification for the

resulting total offense level. We therefore find no

impermissible double counting.9

We affirm Balogun's sentence in its entirety.

Affirmed in part; reversed and remanded in part.

9 As an alternative ground, we note that as Balogun did not
clearly raise this issue in the district court, he is precluded
from raising it on appeal. United States v. Ortiz, 966 F.2d 707,

717 (1st Cir. 1992), cert. denied, 113 S. Ct. 1005 (1993).

-10-